Filed 12/5/24  P. v. Deroboam CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>JEFFREY DEROBOAM,<br><br>  Defendant and Appellant. | A170646<br><br>(Sonoma County<br>Super. Ct. No. SCR764493-1) |

Defendant Jeffrey Deroboam appeals from a judgment entered after he pled no contest to inflicting corporal injury on a partner (Pen. Code[1], § 273.5, subd. (a)) and elder abuse (§ 368, subd. (b)(1)), and after he admitted a violation of probation for a prior conviction of false imprisonment of a dependent adult (§ 368, subd. (f)).  Deroboam's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Deroboam was informed of his right to file a supplemental brief, but he did not do so.  We have reviewed counsel's brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

1

*Case No. SCR764493-1*

On July 18, 2023, a criminal complaint was filed against Deroboam alleging he had inflicted corporal injury on Jane Doe and committed elder abuse against her, both felonies. A preliminary hearing and conditional examination of Jane Doe was held on November 13, 2023. Jane Doe testified and was cross-examined. She was then 65 years old. Deroboam had been her boyfriend for a year and they lived together. On July 16, 2023, Deroboam hit her in the head with his phone and punched her in the nose with his fist. She suffered bleeding on the top of her head, a bloody nose, and a black eye. She testified about prior incidents of domestic violence by Deroboam against her. Deroboam was held to answer on the two felony counts. Eventually an information, and later a first amended information, were filed in case No. SCR764493-1. The first amended information charged Deroboam with these two felony counts and alleged a prior strike, pursuant to sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c). The strike was for a prior conviction of a serious and/or violent felony in 2004: section 136.1, subdivision (b) (dissuading a witness or victim of crime from making a report). The first amended information listed 17 separate factors in aggravation, 12 relating to the crime and five relating to the defendant.

*Mental Health Diversion*

Deroboam made a motion for pretrial mental health diversion under section 1001.36. The court heard extensive argument from the parties on December 11, 2023, and took the matter under submission. On December 15, 2023, the court heard additional argument, and then denied the motion, giving a lengthy explanation for its ruling. The court noted that although it had previously found defendant to be eligible for pretrial diversion, it did not find him suitable. The court reviewed and considered the extensive mental

health report prepared by the Sonoma County Department of Health Services Behavioral Health Division and the presentence report that had earlier been prepared in the probation matter. The court did a "complete analysis of all factors listed" in the statute. The mental health report concluded that Deroboam had a qualifying mental health disorder for diversion court, but described him as a "poor candidate" for diversion because of his "long history of medication non-adherence." The court expressed concern that the mental health report found Deroboam to be a "moderate to high risk for future domestic violence. That his interpersonal violence assessment was high. And that the treatability if on diversion is low or, quote, 'that he is unlikely to follow through with meds and treatment and that he has a history of being dishonest' " with providers about medication compliance. The court elaborated on Deroboam's "access to mental health intervention" in the past, and observed that it did not reduce his criminality. The court was also concerned that he was not amenable to treatment and was "notably dishonest" about it. The court expressed concern about the circumstances of the charged offenses here, a "violent act against a particularly vulnerable victim, again in the context of DV," and his two prior domestic violence convictions.

Deroboam's attorney then requested that the court make a referral to the "FACT Program"[2] at the superior court for their evaluation. The court agreed, even though it noted that there are "a number of factors that are likely to make him ineligible." In January 2024, Deroboam was found "ineligible" and denied admission to the FACT Program on account of the prior felony enhancement in the pending matter, and the FACT probation

[2] The FACT Program is apparently a behavioral health program at the Sonoma County Superior Court.

3

officer's specific concerns about defendant's criminal history, the circumstances of the underlying offense, the "victimization of a vulnerable population" and the concern that current and future FACT participants faced "potential vulnerability" if Deroboam participated.

Deroboam's attorney filed a "renewed motion for mental health diversion" on January 30, 2024, which, after briefing and additional argument, was denied on February 20, 2024.

*Probation Matter—SCR745875-1*

At the time Deroboam committed the felony offenses in case No. SCR764493-1 described above, he was on a 36-month felony probation in another Sonoma County case (No. SCR745875-1) (probation matter), after being convicted of false imprisonment of a dependent adult (§ 368, subd. (f)). The conditions of probation included a 120-day jail sentence and domestic violence terms and conditions. According to the probation office presentence report, the offense involved a 37-year-old woman with whom Deroboam had been in a dating relationship. The victim reported, among other things, that Deroboam told her to take off her clothes, held her down against her will, took off her clothing and demanded sex, which he attempted unsuccessfully. The two new felony charges, in what became case No. SCR764493-1, resulted in a "formal felony violation of probation" in the probation matter. At the outset of the preliminary hearing described above, the court stated that it would hear the evidence for purposes of the underlying charges as well as for the probation violation. At the conclusion of the preliminary hearing, the magistrate found Deroboam in violation of his felony probation, and stated that any sentencing on that would "trail the outcome of the open case."

4

*Plea and Sentence*

On March 12, 2024, Deroboam entered an open plea to the amended information in case No. SCR764493-1, pleading no contest to the two felony counts, admitting the strike prior, and admitting two of the factors in aggravation alleged in the first amended information (§ 4.421, subd. (a)(3) [particularly vulnerable victim]; and subd. (b)(3) [prior term in prison or county jail under section 1170, subd. (h)]). He completed a written felony advisement of rights and change of plea form that advised him of his rights and the rights he was waiving; the forms were signed by his counsel and by the court. The court gave an indicated sentence, which according to the plea form was that the "strike will be stricken and midterm of 3 yrs imposed" and "court reserves on SCR745875-1" (the probation matter). The court informed Deroboam that the "indication of how [the court] might sentence you" will be "dependent upon the probation report" received by the court, and that if the information is "not as the court understands it to be, the court's not bound to follow that indicated." The court clarified that it gave no indicated sentence on the pending felony probation violation. The court reviewed the change of plea form, questioned defendant, and found defendant knowingly, voluntarily, and intelligently waived his rights. The court accepted Deroboam's pleas of no contest to the two felony charges, his admission to the strike prior from 2004 as alleged, and his admission of the two aggravating factors. The court found a factual basis for the pleas based on the preliminary hearing. The district attorney dismissed all the other factors in aggravation. Deroboam's probation remained summarily revoked, and both matters were put over for sentencing on the same day.

On May 1, 2024, the date set for sentencing, the court announced that having reviewed the presentence report and the facts underlying the

5

probation matter (including the presentence report in that case), it could not make the necessary finding that it was in the interest of justice to strike the strike prior under section 1385, subdivision (a) and "the *Romero* case and *People v. Williams*" as it had earlier indicated. The court found that the allegations in this case, the strike prior, and the probation matter are all "similar, they're [*sic*] domestic violence element to all, and that the behavior seems to be escalating."

The court then invited Deroboam to withdraw his no contest plea. The court also stated that it had "otherwise talked to counsel about what I would be likely to sentence [you] to in the event that you do not withdraw your plea." The court then asked defense counsel how he would like to proceed; he stated that he had spoken to Deroboam about the court's statement and what the court had indicated it would likely do, and Deroboam had "elected to proceed today."

The court explained to Deroboam: "what I indicated to counsel [is] that the court would not be prepared to strike the strike, but I would be prepared to impose the low term of 2 years doubled for 4 years, and then there is no indication as to the felony probation violation. I would then invite argument from counsel about whether or not the time on that would run concurrent or consecutive to the time being imposed in the open matter." The court asked Deroboam if he would like to proceed or to have more time. He elected to proceed.

The court heard a one-sentence statement from the victim. Defendant then read his own statement to the court.

The district attorney asked for an aggregate prison sentence of nine years, following the recommendation of the probation presentence report.[3]

Defense counsel asked for an aggregate four-year sentence (the low term of two years, doubled by the strike prior), with a concurrent one-year sentence on the probation matter.

The court noted that despite Deroboam's open plea and admission of two aggravating factors, it would impose the low term, taking into account defendant's "history of mental health illness and the interaction of the mental health illness and the lack of taking medication." The court explicitly considered the section 1170, subdivision (b)(6) factors in imposing the lower term, noting that although the lower term is not mandatory, the "legislature has commanded the trial court[] to consider factors such as mental health illness, childhood trauma, and all of the relationship of substance abuse and those things to the commissions of the crime." Deroboam was sentenced on count 1 to the lower term of two years, doubled to four years due to the strike prior; imposition of sentence on count 2 was stayed under section 654.

On the probation matter, the court terminated probation and imposed a one-year sentence (one-third the midterm), to be served consecutive to the sentence in case No. SCR764493-1. The court reasoned that it would not be in the interest of justice to sentence concurrently because "the two matters" are "so similar and yet the victims both vulnerable and distinctly different," and because imposing concurrent time would mean no additional time would

---

[3] The presentence report recommended eight years on count 1 (the upper term of four years, doubled on account of the strike prior), and a consecutive one year on the probation violation (one-third of the midterm of three years), for a total aggregate term of nine years.

be served at all in the probation matter since Deroboam was on probation at the time he committed the new offense.

Deroboam was thus ordered to serve a total aggregate term of five years in state prison. The court imposed fines and fees, and restitution if requested by the victim.

Deroboam filed a timely notice of appeal on May 17, 2024, and requested a certificate of probable cause on the ground it was error to find him "eligible yet unsuitable for mental health diversion" under section 1001.36. The trial court denied the request for probable cause on May 20, 2024, and this decision is not reviewable on direct appeal; it may be reviewed by a petition for writ of mandate only. (6 Witkin, Cal. Criminal Law (5th ed. 2024) Criminal Appeal, § 42.) In this case, Deroboam's petition for writ of mandate, filed on September 26, 2024, was denied on October 22, 2024. (*Deroboam v. Sonoma County Superior Court*, A171386.)

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Defendant was sentenced after a no contest plea, and he has not obtained a certificate of probable cause. His appeal was timely filed. Any issues as to the validity of his plea are not before us. (§ 1237.5.) Before entering his no contest plea, defendant was advised of his rights, and there is no indication he did not understand his rights, including the rights he was waiving. The court found defendant had knowingly, voluntarily, and intelligently waived his rights and his plea was voluntary.

The aggregate sentence imposed appears to be authorized by law, including the fines and fees.

Based on our review of the record before us, defendant was represented by competent counsel who acted to protect his rights and interests.

We conclude there are no arguable issues within the meaning of *People v. Wende, supra*, 25 Cal.3d 436.

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:


_____
Richman, Acting P. J.


_____
Desautels, J.


A170646, *People v. Deroboam*